UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| **HEALTH CARE MANAGEMENT, INC.**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **MAGNOLIA-TALL PINES REALTY, LLC**, | )  Civil Action No. _____ |
| **EDWARD SEDACCA**, | ) |
| **CHRISTA MEANS**, | ) |
| and **MAGNOLIA ASSISTED LIVING, LLC**, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff Health Care Management, Inc. ("**Plaintiff**" or "**HCM**"), and complains against Defendants Magnolia-Tall Pines Realty, LLC, Edward Sedacca, Christa Means, and Magnolia Assisted Living, LLC (collectively, "**Defendants**" or "**Obligors**") as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a Maine corporation with a principal place of business at 18 Van Aken Way, Portland, Maine 04102.

2. Defendant Magnolia-Tall Pines Realty, LLC ("**Magnolia**") is a limited liability company organized under the laws of the State of Maine.

3. Defendant Edward Sedacca ("**Sedacca**") is an individual domiciled in and therefore a citizen of Texas and with an address of 2500 N. Dallas Pkwy, Suite 410, Plano, Texas 75093.

4. Defendant Christa Means ("**Means**") is an individual domiciled in and therefore a citizen of Texas and with an address of 2500 N. Dallas Pkwy, Suite 410, Plano, Texas 75093.

5. Defendant Magnolia Assisted Living, LLC ("**MAL**") is a limited liability company organized under the laws of the State of Texas.

1

6. Upon information and belief, Sedacca and Means are the sole members of Magnolia and MAL.

7. Upon information and belief, Sedacca and Means are the sole members of MAL.

8. Sedacca and Means control Magnolia and MAL.

9. This Court has jurisdiction over all claims in this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and Plaintiff is diverse from each of the Defendants.

10. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b).

11. Under the Guaranties (as defined below), each of the Guarantors has stipulated to jurisdiction and venue in the courts, including the federal courts, of the State of Maine.

12. The Note (as defined below) and the Guaranties are governed by Maine Law.

## BACKGROUND FACTS

13. Effective August 30, 2024, Magnolia purchased the assets of a residential assisted living facility in Belfast, Maine owned by HCM.

14. As part of the purchase price, Magnolia executed and delivered to HCM a Promissory Note (the "**Note**") dated August 30, 2024, in the amount of $558,305.40, a true and accurate copy of which is attached hereto as **Exhibit A**.

15. Sedacca personally guaranteed Magnolia's obligations under the Note as evidenced by a Guaranty dated August 30, 2024 (the "**Sedacca Guaranty**"), executed and delivered by Sedacca to HCM, a true and accurate copy of which is attached hereto as **Exhibit B**.

16. Means personally guaranteed Magnolia's obligations under the Note as evidenced by a Guaranty dated August 30, 2024 (the "**Means Guaranty**"), executed and delivered by Means to HCM, a true and accurate copy of which is attached hereto as **Exhibit C**.

17. MAL guaranteed Magnolia's obligations under the Note as evidenced by a Guaranty dated August 30, 2024 (the "**MAL Guaranty**" and, collectively with the Sedacca Guaranty and the Means Guaranty, the "**Guaranties**"), executed and delivered by MAL to HCM, a true and accurate copy of which is attached hereto as **Exhibit D**.

18. Under the terms of the Note, Magnolia was required to make payments of interest on September 30, October 30, and November 30, 2024.

19. Magnolia failed to make any of the interest payments described in the preceding paragraph.

20. The maturity date of the Note was December 15, 2024. All amounts due under the Note came due on the maturity date.

21. By letter dated November 12, 2024, sent by e-mail, U.S. mail, and Federal Express to each Defendant, HCM, through its attorney, accelerated all sums due under the Note and the Guaranties and made demand for payment. A true and accurate copy of the November 12, 2024 letter and the Federal Express proof of delivery is attached hereto as **Exhibit E**.

22. Magnolia has made no payments whatsoever under the Note.

23. No Obligor has made any payment under the Note or any of the Guaranties.

24. An "Event of Default" (as that term is defined in the Note) occurred under the Note no later than October 30, 2024.

25. The Note provides that interest shall accrue at the rate of 7.5% per annum, provided, however, that from and after an "Event of Default," interest shall run at the rate of 15% per annum.

26. The "Late Payments" provision of the Note provides, in pertinent part: "[I]f any amount payable hereunder is not paid when due (without regard to any applicable grace periods),

whether at stated maturity, by acceleration, or otherwise, such overdue amount shall bear a penalty fee of 5% of the amount owed."

27. The "Expenses" provision of the Note provides that "[t]he Borrower shall reimburse the Noteholder on demand for all reasonable and documented out-of-pocket costs, expenses, and fees, including the reasonable fees and expenses of counsel, incurred by the Noteholder in connection with the negotiation, documentation, and execution of this Note and the enforcement of the Noteholder's rights[.]"

28. Despite repeated requests made by HCM for payment from the Obligors, HCM has received no payments under the Note.

29. An Event of Default has occurred under the Note.

30. As of the date hereof, the unpaid principal owed under the Note is $558,305.40.

31. As of December 31, 2024, the amount due under the Note, not including legal fees, was $617,858.15, as follows:

> Principal: $558,305.40
> Interest:  $6,978.82 (through Oct. 30, 2024, 60 days at 7.5% per annum, $116.31/diem)
> Interest:  $14,190.43 (through Dec. 31, 2024, 61 days at 15% per annum, $232.63/diem)
> Late Fee: $10,468.23 (three missed payments of $3,489.41 @ 5%)
> Late Fee: $27,915.27 (missed payment of principal at maturity @ 5%)
> TOTAL:  $617,858.15

32. Interest continues to accrue at the rate of $232.63 *per diem*.

33. Legal fees and related costs have accrued and continue to accrue under the Note. Obligors are liable to Plaintiff for all such legal fees and related costs.

### COUNT ONE – BREACH OF THE NOTE – MAGNOLIA

34. Plaintiff repeats the allegations in Paragraphs 1 through 31 as if fully stated herein.

4

35.     By virtue of its failure to make payments when due, Magnolia has breached the terms of the Note, and as a direct and proximate result, HCM has suffered damages.

WHEREFORE, Plaintiff requests that judgment be entered against Magnolia in the amount owed under the Note, including late charges, interest, fees, and costs, and Plaintiff's attorneys' fees, as well as all other amounts as are just and proper.

### COUNT TWO – BREACH OF THE SEDACCA GUARANTY

36.     Plaintiff repeats the allegations in Paragraphs 1 through 33 as if fully stated herein.

37.     The failure of Sedacca to pay the sums due under the Sedacca Guaranty constitutes a default of his obligations under the Sedacca Guaranty.

WHEREFORE, Plaintiff requests that judgment be entered against Sedacca in the amount owed under the Note and under the Sedacca Guaranty, including late charges, interest, fees, and costs, and Plaintiff's attorneys' fees, as well as all other amounts as are just and proper.

### COUNT THREE – BREACH OF THE MEANS GUARANTY

38.     Plaintiff repeats the allegations in Paragraphs 1 through 35 as if fully stated herein.

39.     The failure of Means to pay the sums due under the Means Guaranty constitutes a default of her obligations under the Means Guaranty.

WHEREFORE, Plaintiff requests that judgment be entered against Means in the amount owed under the Note and under the Means Guaranty, including late charges, interest, fees, and costs, and Plaintiff's attorneys' fees, as well as all other amounts as are just and proper.

### COUNT FOUR – BREACH OF THE MAL GUARANTY

40.     Plaintiff repeats the allegations in Paragraphs 1 through 37 as if fully stated herein.

41.     The failure of MAL to pay the sums due under the MAL Guaranty constitutes a default of its obligations under the MAL Guaranty.

WHEREFORE, Plaintiff requests that judgment be entered against MAL in the amount owed under the Note and under the MAL Guaranty, including late charges, interest, fees, and costs, and Plaintiff's attorneys' fees, as well as all other amounts as are just and proper.

## COUNT FIVE – QUANTUM MERUIT – ALL OBLIGORS

42. Plaintiff repeats the allegations in Paragraphs 1 through 39 as if fully stated herein.

43. Plaintiff provided value to all Obligors by conveying valuable assets to Magnolia and extending credit to Magnolia for payment of a portion of the purchase price in the form of the Note.

44. Said conveyance of valuable assets and extension of credit was provided with the knowledge and consent of Obligors.

45. Plaintiff reasonably believed and expected that Magnolia would comply with the terms of the Note and that Sedacca, Means, and MAL would comply with the terms of the Guaranties.

46. Magnolia understood that it was obligated to comply with the terms of the Note.

47. Sedacca, Means, and MAL understood that they were obligated to comply with the terms of the Guaranties.

48. Under these circumstances, it is reasonable for Plaintiff to expect payment from each of the Obligors.

49. Magnolia is liable to Plaintiff for the balance due on the Note, including late charges, interest, fees, and costs, as well as all other amounts as are just and proper, including, but not limited to, Plaintiff's attorneys' fees.

50. Sedacca is liable to Plaintiff for the balance due on the Note, including late charges, interest, fees, and costs, as well as all other amounts as are just and proper, including, but not limited to, Plaintiff's attorneys' fees.

51. Means is liable to Plaintiff for the balance due on the Note, including late charges, interest, fees, and costs, as well as all other amounts as are just and proper, including, but not limited to, Plaintiff's attorneys' fees.

52. MAL is liable to Plaintiff for the balance due on the Note, including late charges, interest, fees, and costs, as well as all other amounts as are just and proper, including, but not limited to, Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff requests that judgment be entered against Magnolia, Sedacca, Means, and MAL in the amounts set forth in this Complaint, including late charges, interest, fees, and costs, and attorneys' fees, as well as all other amounts as are just and proper.

## COUNT SIX – UNJUST ENRICHMENT – ALL OBLIGORS

53. Plaintiff repeats the allegations in Paragraphs 1 through 50 as if fully stated herein.

54. The Note conferred benefits on Magnolia, Sedacca, Means, and MAL, including, and without limitation, by extending credit to Magnolia rather than collect the full purchase price at closing.

55. Magnolia, Sedacca, Means, and MAL each have appreciation or knowledge of those benefits.

56. Retention by Magnolia, Sedacca, Means, and MAL of the benefits conferred by Plaintiff under the circumstances set forth herein would be inequitable and result in Magnolia's, Sedacca's, Means's, and MAL's unjust enrichment.

57. Based on all of the above, Magnolia, Sedacca, Means, and MAL are each liable to Plaintiff for the value of the benefits conferred on each of them.

WHEREFORE, Plaintiff requests that judgment be entered against Magnolia, Sedacca, Means, and MAL in the amounts set forth in this Complaint, including late charges, interest, fees, and costs, and attorneys' fees, as well as all other amounts as are just and proper.

Dated at Portland, Maine this 21st day of January, 2025.

        HEALTH CARE MANAGEMENT, INC.

        By its attorneys,

        */s/ Roger A. Clement, Jr.*

        _____
        Roger A. Clement, Jr., Esq., Bar No. 7421
        Stephen B. Segal, Esq., Bar No. 5422
        VERRILL DANA LLP
        One Portland Square
        Portland, ME  04101
        (207) 774-4000
        rclement@verrill-law.com
        ssegal@verrill-law.com
        Attorneys for Plaintiff Health Care Management, Inc.