UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEALTH CARE MANAGEMENT INC., | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | ) 1:25-cv-00020-SDN<br>) |
| MAGNOLIA-TALL PINES REALTY LLC et al., | )<br>)<br>) |
| Defendants | ) |

**ORDER ON MOTION FOR ATTACHMENT
AND ATTACHMENT ON TRUSTEE PROCESS**

In this action, Plaintiff seeks to recover damages from Defendants Magnolia-Tall Pines Realty, LLC, Edward Sedacca, Christa Means, and Magnolia Assisted Living, LLC, based on Defendants' alleged default on a promissory note. The matter is before the Court on Plaintiff's Motion for Attachment and Attachment on Trustee Process, (Motion, ECF No. 12), through which motion Plaintiff seeks an attachment on Defendants' property in the amount of $646,380.66. Defendants did not file an opposition to the motion.[1]

After review of Plaintiff's motion and supporting documents, the Court grants Plaintiff's motion.

---

[1] Because Defendants failed to file an opposition to the motion, Defendants have waived objection to the motion. *Lucas v. RedCoral Investments, LLC*, No. 1:24-cv-00530-JAW, 2024 WL 4817463, at *3 *D. Me. Nov. 18, 2024 (citing Maine Rules of Civil Procedure 4A(c), 7(c), and 4B(c).)

## FACTUAL BACKGROUND

In August 2024, Defendant Magnolia purchased the assets of an assisted living facility from Plaintiff. (Christopher M. Thompson Affidavit ¶ 8, ECF No. 12-3.) In connection with the purchase, Defendant Magnolia executed and delivered to Plaintiff a promissory note in principal amount of $558,305.40 with an annual rate of 7.5%. (*Id.* ¶ 9; Exhibit A at 1, ECF No. 12-4.) The note also provided for certain penalties in the event Defendant Magnolia did not perform under the terms of the note. (*Id.* at 2-3.) The note provided that Plaintiff could accelerate payment of all outstanding amounts owed in the event of Defendant Magnolia's default. (*Id.* at 3.) The note also stated that Defendant Magnolia was obligated to reimburse Plaintiff "on demand for all reasonable and documented out-of-pocket costs, expenses, and fees, including the reasonable fees and expenses of counsel, incurred by [Plaintiff] in connection with the … enforcement of [Plaintiff's rights] hereunder." (Exhibit A at 3.)

The note required Defendant Magnolia to make payments on September 30, 2024, October 30, 2024, and November 30, 2024. (*Id.* at 2.) Defendants Sedacca, Means, and Magnolia Assisted Living guaranteed Defendant Magnolia's obligations under the note. (Thompson Affidavit ¶¶ 10–12; Exhibit B, ECF No. 12-5; Exhibit C, ECF No. 12-6; Exhibit D, ECF No. 12-7.) When Defendant Magnolia defaulted on the note, Plaintiff accelerated payment of the outstanding amounts with notice to Defendants. (Exhibit E, ECF No. 12-8.) Neither Defendant Magnolia nor any of the other defendants have made any payments under the note. (Thompson Affidavit ¶ 17.) Through March 17, 2025,

Plaintiff had incurred attorneys' fees of $10,034.00 and out-of-pocket expenses of $576.00 in the enforcement of the note.  (Roger Clement, Jr. Affidavit ¶ 2, ECF No. 12-2.)

### DISCUSSION

Pursuant to Federal Rule of Civil Procedure 64 and District of Maine Local Rule 64, the Court applies Maine law when presented with a motion for attachment and attachment on trustee process.  To obtain an attachment or an attachment on trustee process, a plaintiff must demonstrate "that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment and any liability insurance, bond, or other security, and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment."  M.R. Civ. P. 4A(c), 4B(c).  A motion for an attachment or an attachment on trustee process must be accompanied by an affidavit or affidavits setting forth "specific facts sufficient to warrant the required findings and shall be upon the affiant's own knowledge, information or belief; and so far as upon information and belief, shall state that the affiant believes this information to be true."  M. R. Civ. P. 4A(i), 4B(c).

Promissory notes "are contracts to which basic principles of contract law apply." *Briggs v. Briggs*, 1998 ME 120, ¶ 6, 711 A.2d 1286.  To succeed on a breach of contract claim in Maine, a plaintiff must show "(1) breach of a material contract term; (2) causation; and (3) damages." *Me. Energy Recovery Co. v. United States Structures, Inc.*, 1999 ME 31, ¶ 7, 724 A.2d 1248.  Further, Maine civil procedure "rules permit an attachment of the property of the guarantor in the amount of the probable judgement . . ." *Casco N. Bank,*

3

*N.A. v. Moore*, 583 A.2d 697 (Me. 1990). Following review of the record on Plaintiff's motion, which includes the uncontested assertion that none of the defendants has made a payment under the promissory note, the Court finds that Plaintiff is more likely than not to prevail on its breach of contract claims (on the note and guaranties) against Defendants.

The uncontroverted evidence establishes that Plaintiff is more likely than not to recover at least $646,380.66: $558,305.40 for the principal, $6,978.82 for 60 days of interest at 7.5%, $32,102.94 for 138 days of interest at 15% after the event of default, $10,468.23 as the late fee for missed payments, $27,915.27 as the late fee for missed payment of the principal at maturity, $10,034.00 in legal fees, and $576.00 in legal costs.

## CONCLUSION

Following a review of the record, the Court grants Plaintiff's motion for attachment and attachment on trustee process. The Court grants Plaintiff an attachment and an attachment on trustee process on Defendants' property in the amount of $646,380.66.

## NOTICE

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of June, 2025.